PER CURIAM.
This is a Bar discipline matter. On March 11, 1970, Eli S. Jenkins, III, a member of The Florida Bar, was adjudged guilty of a violation of the White Slave Traffic Act by the Federal District Court for the Middle District of Florida. This violation constituted a felony under the laws of the United States, Title 18, Section 2422, U. S. Code.
On March 12, 1970, The Florida Bar filed a petition with this Court seeking the suspension of respondent from the practice of law in Florida under the provisions of Article XI, Rule 11.07(3) of the Integration Rule, 32 F.S.A. Consequently, we suspended him from practice until further order; we also denied his Petition For Stay Pending Appeal to the United States Supreme Court. Mr. Jenkins was also unsuccessful in obtaining from the United States Supreme Court a petition for writ of cer-tiorari directed to this Court.
On April 27, 1971, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of guilt by the United States District Court for the Middle District of Florida. United States of America v. Jenkins, 442 F.2d 429 (5th Cir. 1971). Two rehearing petitions were denied by the Court of Appeals. Time for further appeal has expired.
Noting that Article XI, Rule 11.07(4) of the Integration Rule provides that final judgments shall be considered as conclusive proof of guilt of the offense charged, The Florida Bar has petitioned for a Notice to Show Cause why appropriate disciplinary action should not be entered against respondent. In response, we have received from respondent a statement that he admits all allegations, and that further, he knows of no cause why appropriate disciplinary action should not be entered against him. He has not requested argument before this Court.
Accordingly, it is the judgment of this Court that respondent, Eli S. Jenkins, III, should be, and hereby is, disbarred from the practice of law in the State of Florida.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.